# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**MONOLITO MANUEL NELSON**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-CR-30

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 33-year-old Grand Rapids native. Defendant has a lengthy adult criminal record beginning with a prison term from 1992 to 2004 for delivery of cocaine and heroin. Defendant has 6 convictions since his release from prison, mostly for repeated driving on a suspended license. He also was sentenced to a year in jail prior to his prison term for discharge of a firearm. He has two extremely serious juvenile convictions as well, one for assault with intent to commit great bodily harm, and the other for assault with intent to commit murder. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or the presence of the defendant based upon the unrebutted presumption. In the alternative, I find by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant in light of his demonstrated history of being able to avoid the police who had been looking for him since the beginning of the year, and his attempt to (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 6, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **MONOLITO MANUEL NELSON**
1:09-CR-30
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Most recently, defendant failed to appear for an arraignment in October 2008. A show cause order was issued and defendant failed to appear for that hearing in November as well. Defendant remained at large until March 30, 2009, when he was arrested on a bench warrant. At the time of the arrest, defendant attempted to use a false name to avoid apprehension. Defendant admitted at the time of his arrest that he knew a warrant was outstanding.

On October 22, 2008, during a search of an apartment where defendant was found, along with mail addressed to him, the police found 80 packages of heroin wrapped for sale, nine of which had defendant's fingerprints on them. Others were involved, but there were no other fingerprints on any of the packaging.

Defendant was not arrested at that time (apparently because the fingerprint evidence had not come back from the lab), but a grand jury subpoena was issued for the defendant on January 7, 2009. Despite efforts of the federal authorities to locate the defendant following issuance of the grand jury subpoena, including multiple contacts with numerous members of his family, defendant could not be located until he was accidently found in a car driven by another individual which was stopped on March 29, 2009. Authorities (ATF and U.S. Marshals) had also been attempting to locate the defendant since February 5, 2009 on an arrest warrant.

Finally, defendant frequently uses marijuana. Apparently he has ceased using heroin and cocaine, which he used between the ages of 14 and 16. He acknowledges using those drugs approximately ten times each following his release on parole, but has not used them since October of last year.

**Part II - Written Statement of Reasons for Detention** - (continued)

avoid detection when he was apprehended in someone else's car by using an alias. Notwithstanding the presence of his mother and his sporadic work schedule as a cook at a restaurant on South Division, it is readily apparent that once on the street, even his family does not know where he is (or will not aid the authorities in locating him).